LEVINE, J.
 

 Appellant pled no contest to charges of trafficking in cocaine, possession of marijuana, and possession of drug paraphernalia, reserving her right to appeal the denial of her motion to suppress. The issue presented for our review is whether the trial court erred in not suppressing the cocaine, marijuana, and drug paraphernalia seized by the police after entering appellant’s residence without a warrant. We find that the trial court correctly admitted the marijuana, but the court erred in not suppressing the cocaine and paraphernalia seized from a locked bedroom within the residence. As a result, we reverse appellant’s
 
 *842
 
 conviction for trafficking in cocaine and possession of paraphernalia, but we affirm the conviction for possession of marijuana.
 

 Testimony during the suppression hearing revealed that a neighbor called 911 about women and men arguing at a residence, advising that they were “throwing things and being violent.” Two officers responded to the residence. One officer testified that he heard male and female voices yelling from within the premises. The officer knocked on the door and saw a woman quickly peek outside from the window. After no one answered the door, the officer heard a male voice cursing and ordering someone not to open the door. At this point, the officer was worried about the safety of the woman, since he did not hear her voice. The officer opened the door, which happened to be unlocked, and yelled inside, “Davie Police, you need to come to the front of the door.” A male inside responded by cursing and stating, “[Djon’t go outside.” The officers then entered the residence, fearing that someone was being held hostage. Immediately upon entering the residence, the officers saw marijuana in plain view on the dining room table. Another officer arrived at the residence and conducted a “protective sweep” of the rest of the residence at that point. Appellant and the other two individuals at the residence were either seated at the table or handcuffed on the ground.
 

 . When the officer conducting the sweep attempted to enter appellant’s bedroom, he discovered the room was locked. Appellant said she always kept her bedroom door locked, and when asked by the officer, she stated she did not have the key. The officer believed appellant’s answer was “fishy,” and due his concern that someone was in the room, the officer “jimmied” the lock with a knife.
 
 [1]
 
 After entering appellant’s bedroom, the officer saw cocaine in an open dresser drawer, as well as plastic bags and other drug paraphernalia in plain view. At the hearing, the officer admitted that the bedroom was beyond the reach of appellant or the two other occupants of the residence, and the officers never asked appellant or the other occupants if anybody else was in the residence before jimmying the door.
 

 When reviewing a trial court’s ruling on a motion to suppress, we accord a presumption of correctness to the trial court’s determination of facts, while we independently review mixed questions of law and fact that ultimately determine constitutional issues.
 
 Riggs v. State,
 
 918 So.2d 274, 278 (Fla.2005). As to the initial issue of whether the police officers had the authority to open the unlocked door to the house and seize the marijuana on the table in plain view, we find that the trial court correctly denied appellant’s motion to suppress the marijuana.
 
 [2]
 

 Once the officers entered the premises and secured its occupants, the question remains whether the officers had the authority to enter appellant’s locked bedroom. As a general rule, incident to arrest, police officers may as a “precautionary matter and without probable cause
 
 *843
 
 or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched.”
 
 Maryland v. Buie,
 
 494 U.S. 325, 384,110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). In
 
 Nolin v. State,
 
 946 So.2d 52, 56 (Fla. 2d DCA 2006), the court summarized that the rationale for allowing a protective sweep is akin to the
 

 intrusion allowed in
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), where a nonconsensual pat down for weapons was permitted because it was “no more than necessary to protect the officer from harm.”
 
 Buie,
 
 494 U.S. at 333, 110 S.Ct. 1093, 108 L.Ed.2d 276. Otherwise, the Fourth Amendment’s prohibition against unreasonable searches applies.
 

 However, to justify a “protective sweep” beyond those stated parameters, “there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.”
 
 Buie,
 
 494 U.S. at 334, 110 S.Ct. 1093. The “protective sweep” should be only a “cursory inspection of those spaces where a person may be found” and may last only as long as “necessary to dispel the reasonable suspicion of danger.”
 
 Id.
 
 at 335-36, 110 S.Ct. 1093.
 

 In
 
 Runge v. State,
 
 701 So.2d 1182, 1185 (Fla. 2d DCA 1997), the court found that since the state presented no evidence to support a precautionary sweep of the bedrooms, closets, and bathroom, the “State failed to meet its burden to justify the warrantless precautionary sweep of [the defendant’s] apartment.” The court concluded that to support the search of the entire apartment, “the police officer must articulate facts sufficient to warrant a reasonable belief that the apartment harbored dangerous individuals.”
 
 Id.
 
 In the present case, there was no testimony as to the occupants of the residence being questioned “whether there were others” on premises.
 
 Id.
 
 at 1186. We conclude, as in
 
 Runge,
 
 the search of the premises was “impermissibly broad.”
 
 Id.
 
 at 1183.
 

 In the present case, like in
 
 Runge,
 
 no evidence indicated the need for such an intrusion or justified such a search. Further, in the present case, unlike the others cited, the police intrusion went beyond merely searching the bedroom after securing the residents of the premises. Here the officer had to jimmy the lock to appellant’s bedroom in order to gain entrance. If the search in
 
 Runge
 
 was overbroad and not permissible, then clearly the warrant-less, forcible entry into appellant’s bedroom is impermissible by any standard. In the present case, there are no facts on the record that would justify such a search, and as such, the trial court erred in not granting appellant’s motion to suppress.
 

 We share the concerns of other courts that are equally mindful “of the dangers police face daily while performing their duties.”
 
 Runge,
 
 701 So.2d at 1186. We agree, however, that “[o]ur paramount duty in cases such as this, however, is to determine whether the facts presented demonstrate that concern for officer safety justifies an exception to the Fourth Amendment right to be secure in one’s home against unreasonable warrantless searches.”
 
 Id.
 
 As Justice Jackson once stated:
 

 The right of officers to thrust themselves into a home is ... a grave concern, not only to the individual but to a society which chooses to dwell in reasonable security and freedom from surveillance. When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial
 
 *844
 
 officer, not by a policeman or Government enforcement agent.
 

 Johnson v. United States,
 
 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948). We find, given the facts of this case, the war-rantless intrusion into a locked bedroom was not justified.
 

 In summary, we find the part of the trial court’s order denying suppression of the marijuana based on the initial entry into the residence to be correct, and we affirm appellant’s conviction for possession of marijuana. However, we find the trial court erred in not granting the motion to suppress the fruits of the protective sweep seized as a result of the officer’s warrant-less, forced entry into appellant’s locked bedroom. Accordingly, we reverse that part of the order denying suppression of the cocaine and drug paraphernalia and remand with directions to vacate appellant’s convictions for trafficking in cocaine and possession of drug paraphernalia.
 

 Affirmed in part, reversed in part, and remanded with instructions.
 

 GROSS, C.J., and TAYLOR, J., concur.
 

 [1]
 

 . The officer elaborated that appellant’s answer appeared "fishy” because "the door is locked, she locks it every day, all the time, but she doesn't have the key, and you know, I see the drugs on the table; I also know that, you know, there's violence going on in the house.”
 

 [2]
 

 . The two other individuals in the residence raised this same issue as to the seized marijuana, claiming there was no exigency that justified the police officers' entrance into the residence without a warrant. This court rejected those arguments and affirmed per cu-riam the defendants' convictions.
 
 Severe v. State,
 
 48 So.3d 65 (Fla. 4th DCA 2010);
 
 Gilzene v. State,
 
 49 So.3d 256 (Fla. 4th DCA 2010).